## LANDLORD AND TENANT—PARTITION—VENDOR AND PUR=CHASER.

[Hamilton (1st) Circuit Court, May 21, 1904.]

Jelke, Swing and Giffen, JJ.

ALBERT W. SCHWARTZ, EXR., v. KATURAH M. WILLIAMSON ET AL.

RIGHT TO POSSESSION OF PREMISES SOLD ON PARTITION BETWEEN SALE AND CONFIRMATION OF SALE.

> The lessee of land sold on partition is liable for rent for the occupation of the premises for the period from the sale to the confirmation and execution of the deed, and the purchaser not being entitled to possession for that period is not bound to pay rent for such period.

> [For other cases in point, see 7 Cyc. Dig., "Vendor and Purchaser," §§ 192-195.—Ed.]

ERROR to Hamilton common pleas court.

A. L. Herrlinger, for plaintiff in error.

Harlan Cleveland, for defendants in error.

GIFFEN, J.

The original action in Albert W. Schwartz, executor of the estate of Lewis Freeman, deceased, v. Katurah M. Williamson et al., was commenced to recover quarterly installments of rent from the tenant of an undivided one-sixth interest of certain leasehold premises from July 1, 1898, to January 1, 1900. The defense was, that in partition proceedings between the tenants in common, of the leasehold premises, the sale was had on June 30, 1898, which was confirmed at the January term, 1900, and a deed executed by the sheriff in pursuance thereof; that a confirmation of the sale and the deed by relation divested the defendant of all title as of the date of the sale; that having paid the rent up to the day of the sale there was no liability for rent thereafter. The defendant below was in possession, not as an original lessee, but through mean conveyances from him. Judgment was rendered in favor of the plaintiff, and the defendant prosecutes error.

The liability of the assignee of a lease is limited to the rent accruing during the continuance of his interest, and ceases with his right of possession. The question, therefore, is whether confirmation of the sale and execution of the deed by relation divested the tenant of all interest in the leasehold estate as of the date of the sale.

The general rule is, that confirmation of a judicial sale relates back to the day of sale and passes title as of that day, and the deed executed pursuant thereto takes effect as of that day. But there would seem to be a modification of this rule by Rev. Stat. 6600 (Lan. 10182), which

Schwartz v. Williamson.

provides that a suit in forcible entry and detainer may be brought in case of sale on partition, where any of the parties to the petition were in possession at the commencement of the suit, after such sale, so made on execution or otherwise, shall have been examined by the proper court, and the same by said court adjudged legal.

It may fairly be implied from this provision that the purchaser at the partition sale is not entitled to possession until the sale is confirmed and that the tenant is entitled to hold possession until that time. It would be manifestly unjust to the purchaser to require him to pay rent when not entitled to possession of the premises, and to relieve the tenant who was entitled to such possession. In the case of *Baltimore City* v. *Peat,* 93 Md. 696 [50 Atl. Rep. 152, 698], relied upon by counsel for plaintiff in error, the sale was confirmed within a few days after made, while the deed was not executed until a long time thereafter. In this case the confirmation of the sale and execution of the deed were about of the same date, both being subsequent to the period for which a recovery of rent is sought. See, also, *Thomas* v. *Connell,* 5 Pa. St. 13; *Wood* v. *Ferguson,* 7 Ohio St. 288, 289 and 292.

Judgment affirmed.

**Jelke** and **Swing, JJ.,** concur.